**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
_____ (State)

Case number (*if known*): _____ Chapter **11**

❑ Check if this is an
amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**

   Blue Current Holding LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

   N/A.  Delaware ID #7626668

4. **Debtor's address**

   **Principal place of business**

   | 14 | Centerpointe Drive |
   |----|----|
   | Number | Street |

   | La Palma | CA | 90623 |
   |----|----|----|
   | City | State | ZIP Code |

   Orange
   County

   **Mailing address, if different from principal place of business**

   Number     Street

   P.O. Box

   City          State     ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number     Street

   City          State     ZIP Code

5. **Debtor's website** (URL)

   https://www.fiskerinc.com

Debtor   <u>Blue Current Holding LLC</u>                          Case number *(if known)*_____
      Name

| | |
|---|---|
| **6.** **Type of debtor** | ⬤ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | ❑ Partnership (excluding LLP) |
| | ❑ Other. Specify: _____ |

| | |
|---|---|
| **7.** **Describe debtor's business** | **A.** *Check one:* |
| | ❑ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ❑ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ❑ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ❑ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ❑ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ⬤ None of the above |
| | |
| | **B.** *Check all that apply:* |
| | ❑ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | |
| | **C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | <u>3</u>  <u>3</u>  <u>6</u>  <u>1</u> |

| | |
|---|---|
| **8.** **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | ❑ Chapter 7 |
| | ❑ Chapter 9 |
| | ⬤ Chapter 11. *Check **all** that apply*: |
| A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ❑ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ❑ A plan is being filed with this petition. |
| | ❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | ❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | ❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ❑ Chapter 12 |

Debtor   Blue Current Holding LLC _____   Case number (*if known*) _____
         Name

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.  District _____  When _____  Case number _____
                                             MM / DD / YYYY
        District _____  When _____  Case number _____
                                             MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.  Debtor   See Schedule 1 attached _____   Relationship _____
        District _____  When _____
                                                              MM / DD / YYYY
        Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number      Street

_____

_____  _____
City                                  State ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

| Debtor | Blue Current Holding LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**13. Debtor's estimation of available funds**

*Check one:*

● Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ● 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ● $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ● $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ● $100,000,001-$500 million | ☐ More than $50 billion |

---

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   06/19/2024
MM / DD / YYYY

✖  /s/ John C. DiDonato

Signature of authorized representative of debtor

John C. DiDonato

Printed name

Title  Chief Restructuring Officer

---

Debtor    Blue Current Holding LLC
          Name
                                                        Case number (if known)_____

**18. Signature of attorney**          ✖ /S/ Robert J. Dehney, Sr.                 Date  06/19/2024
                                       Signature of attorney for debtor                  MM/ DD / YYYY

                                       Robert J. Dehney, Sr.
                                       Printed name
                                       Morris, Nichols, Arsht & Tunnell LLP
                                       Firm name
                                       1201 N. Market Street, 16th Floor
                                       Number        Street
                                       Wilmington                              DE        19801
                                       City                                    State     ZIP Code
                                       (302) 658-9200                          rdehney@morrisnichols.com
                                       Contact phone                           Email address

                                       3578                                    DE
                                       Bar number                              State

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FISKER INC., *et al.*, | Case No. 24-[•] ([•]) |
| Debtors. | **(**Joint Administration to be Requested**)** |

## SCHEDULE 1 TO PETITION

On the date hereof, each of the entities listed below, including the debtor in this chapter 11 case (collectively, the "**Debtors**"), has filed or will file a petition for relief in the United States Bankruptcy Court for the District of Delaware under chapter 11 of title 11 of the United States Code.  The Debtors will move for joint administration of their cases for procedural purposes only under the case number assigned to the chapter 11 case of Fisker Inc.

> Fisker Inc.
> Fisker Group Inc.
> Fisker TN LLC
> Blue Current Holding LLC
> Platinum IPR LLC
> Terra Energy Inc.

**Fill in this information to identify the case:**

Debtor name: Fisker Inc., et al.

United States Bankruptcy Court for the District of Delaware

Case number (if known):

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | US BANK 633 WEST 5TH STREET, 24TH FLOOR LOS ANGELES, CA 90071 | PHONE: 213-615-6026 EMAIL: LACHERIE.WILLIAMS@USBANK.COM | CONVERTIBLE NOTES | | | | $ 874,507,358.90 |
| 2 | SAP AMERICA INC. 3999 WEST CHESTER PIKE NEWTOWN SQUARE, PA 19073 | PHONE: 610-661-1000 EMAIL: FINANCEAR@SAP.COM | IT / SOFTWARE | | | | $ 2,379,320.72 |
| 3 | SALESFORCE.COM, INC 415 MISSION STREET, 3RD FLOOR SAN FRANCISCO, CA 94105 | PHONE: 415-901-8457 EMAIL: WFERRIS@SALESFORCE.COM | IT / SOFTWARE | | | | $ 2,138,244.97 |
| 4 | GOOGLE LLC 1600 AMPHITHEATRE PARKWAY MOUNTAIN VIEW, CA 94043 | PHONE: 650-253-0000 EMAIL: COLLECTIONS@GOOGLE.COM | SALES & MARKETING | | | | $ 1,957,377.42 |
| 5 | ADOBE 345 PARK AVE SAN JOSE, CA 95510 | PHONE: 408-536-2800 EMAIL: VIP-DIRECT-AMER@ADOBE.COM | IT / SOFTWARE | | | | $ 1,883,865.87 |
| 6 | MARSH USA, INC. P.O. BOX 846112 DALLAS, TX 75284 | PHONE: NOT AVAILABLE EMAIL: FIDUCIARYSERVICEREQUEST.US@MARSH.COM | INSURANCE | | | | $ 1,411,403.39 |
| 7 | AVNET INC 2211 S. 47TH STREET PHOENIX, AZ 85034 | PHONE: 810-626-8956 EMAIL: JOEL.FISHMAN@AVNET.COM | MANUFACTURING / PARTS | | | | $ 1,340,303.99 |
| 8 | MANPOWERGROUP US INC 100 MANPOWER PL MILWAUKEE, WI 53212 | PHONE: 414-961-1000 EMAIL: ANDREW.PULASKI@MANPOWER.COM | PROFESSIONAL SERVICES | | | | $ 1,081,384.05 |
| 9 | TESSOLVE DTS INC 3910 N. FIRST STREET SAN JOSE, CA 95134 | PHONE: 408-865-0873 EMAIL: SALES@TESSOLVE.COM | RESEARCH & DEVELOPMENT | | | | $ 818,186.45 |
| 10 | URGENT.LY INC. 8609 WESTWOOD CENTER DRIVE, SUITE 8 VIENNA VATICAN CITY, VA 22182 | PHONE: NOT AVAILABLE EMAIL: THUFFMYER@GETURGENTLY.COM | IT / SOFTWARE | | | | $ 755,116.70 |
| 11 | PRELUDE SYSTEMS INC 5 CORPORATE PARK, SUITE 140 IRVINE, CA 92606 | PHONE: 949-208-7126 EMAIL: PRADEEP_P@PRELUDESYS.COM | IT / SOFTWARE | | | | $ 660,053.72 |
| 12 | NBCUNIVERSAL LLC 30 ROCKEFELLER PLAZA NEW YORK, NY 10112 | PHONE: NOT AVAILABLE EMAIL: GAVIN.LAU@NBCUNI.COM | SALES & MARKETING | | | | $ 649,999.97 |
| 13 | MICROSOFT CORPORATION C/O BANK OF AMERICA 1950 N. STEMMON DALLAS, TX 75207 | C/O BANK OF AMERICA PHONE: NOT AVAILABLE EMAIL: MSCREDIT@MICROSOFT.COM | IT / SOFTWARE | | | | $ 632,055.46 |
| 14 | STRATUS-X LLC, DBA XD INNOVATION AM 9800 MOUNT PYRAMID COURT, SUITE 400 ENGELWOOD, CO 80112 | PHONE: NOT AVAILABLE EMAIL: MCARRABINO@XDINNOVATION.COM | IT / SOFTWARE | | | | $ 616,000.00 |
| 15 | T-MOBILE USA, INC. 12920 SE 38TH ST BELLEVUE, WA 98006 | PHONE: NOT AVAILABLE EMAIL: PAUL.TISH@T-MOBILE.COM | TELECOM | | | | $ 594,565.76 |
| 16 | I.G. BAUERHIN GMBH WIESENSTR. 29 HESSEN GRUNDAU, 63584 GERMANY | PHONE: 49 6051 826-0 EMAIL: ANDRZEJ.DYMEK@BAUERHIN.COM | MANUFACTURING / PARTS | | | | $ 593,345.93 |
| 17 | ALERE PROPERTY GROUP LLC DBA 14422 ASTRONAUTICS APG LLC 100 BAYVIEW CIRCLE STE #310 NEWPORT BEACH, CA 92660 | PHONE: NOT AVAILABLE EMAIL: KIRKBRIDE@UNIREGROUP.COM | RENT | | | | $ 548,592.83 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | VECTOR NORTH AMERICA INC. 39500 ORCHARD HILL PLACE SUITE 400 NOVI, MI 48375 | PHONE: 248-449-9290 EMAIL: SALES@US.VECTOR.COM | IT / SOFTWARE | | | | $ 529,288.35 |
| 19 | TOMTOM NORTH AMERICA, INC. 11 LAFAYETTE STREET LEBANON, NH 03766 | PHONE: NOT AVAILABLE EMAIL: ROYALTYDEPT@TOMTOM.COM | MANUFACTURING / PARTS | | | | $ 520,634.88 |
| 20 | NYSE LISTINGS 5660 NEW NORTHSIDE DRIVE, 3FLOOR, C ATLANTA, GA 30328 | PHONE: NOT AVAILABLE EMAIL: NAVEENGOUD.GEVAT@ICE.COM | PROFESSIONAL SERVICES | | | | $ 500,000.00 |
| 21 | TESSOLVE SEMICONDUCTOR PRIVATE LIMI PLOT#31 (P2), PHASE II, ELECTRONIC BANGALORE, 10 (KARNATAKA) 560100 INDIA | PHONE: NOT AVAILABLE EMAIL: PONNI.CARLIN@TESSOLVE.COM | RESEARCH & DEVELOPMENT | | | | $ 490,175.00 |
| 22 | BROADRIDGE ICS BROADRIDGE INVESTOR COMMUNICATION P.O. BOX 416423 BOSTON, MA 02241-6423 | PHONE: 800-353-0103 EMAIL: INVOICES@BROADRIDGE.COM | FREIGHT & DELIVERY | | | | $ 412,922.90 |
| 23 | MOURI TECH LLC 1183 W JOHN CARPENTER FWY IRVING, TX 75039 | PHONE: 972-756-1500 EMAIL: SIVAD@MOURITECH.COM | IT / SOFTWARE | | | | $ 400,561.10 |
| 24 | WESTFALIA AUTOMOTIVE GMBH AM SANDBERG 45 RHEDA-WIEDENBRUCK, 33378 GERMANY | PHONE: 49-162-431-8380 EMAIL: MSTRYCH@HORIZONGLOBAL.COM | MANUFACTURING / PARTS | | | | $ 383,219.84 |
| 25 | FEDEX P.O. BOX 7221 PASADENA, CA 91109-7321 | PHONE: 310-743-3501 EMAIL: VENDOR.EMAIL@FISKERINC.COM | FREIGHT & DELIVERY | | | | $ 368,328.37 |
| 26 | CONTINENTAL DEVELOPMENT CORPORATION DBA CONTINENTAL ROSECRAN 2041 ROSECRANS AVENUE, SUITE 200 EL SEGUNDO, CA 90245 | PHONE: NOT AVAILABLE EMAIL: ACCOUNTSRECEIVABLE@CONTINENTALDEVELOPMENT.COM | RENT | | | | $ 360,642.97 |
| 27 | AUTOMOTIVE MARKETING CONSULTANTS, I 1515 WEST 190TH STREET, SUITE 440 GARDENA, CA 90248 | PHONE: NOT AVAILABLE EMAIL: KKILLIP@AMCIGLOBAL.COM | SALES & MARKETING | | | | $ 348,238.78 |
| 28 | MAGNA STEYR FAHRZEUGTECHNIK GMBH & LIEBENAUER HAUPTSTRASSE 317 GRAZ, 8041 AUSTRIA | PHONE: NOT AVAILABLE EMAIL: RENE.HIRCZI@MAGNA.COM | MANUFACTURING / PARTS | | | | $ 332,969.92 |
| 29 | FERRANTE KOBERLING CONSTRUCTION, IN 2360 EASTMAN AVE. #112 OXNARD, CA 93030 | PHONE: 323-804-6842 EMAIL: JOROPALLO@FERRANTEKOBERLING.COM | CAPEX & MAINTENANCE | | | | $ 326,861.04 |
| 30 | DELL USA L.P. ONE DELL WAY ROUND ROCK, TX 78682 | PHONE: NOT AVAILABLE EMAIL: JESSICA.GRAY@DELL.COM | IT / SOFTWARE | | | | $ 316,757.86 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FISKER INC., *et al.*, | Case No. 24-[•] ([•]) |
| Debtors. | (**Joint Administration to be Requested**) |

**CONSOLIDATED CORPORATE OWNERSHIP**
**STATEMENT AND LIST OF EQUITY INTEREST HOLDERS**

      Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and to enable the Judges to evaluate possible disqualification or recusal, attached hereto as **Exhibit A** is a corporate structure chart (the "**Corporate Structure Chart**") reflecting the ownership interests of Fisker Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). The Debtors respectfully represent, as of the date hereof, the following:

1. Each of the Debtors[1] identified on the Corporate Structure Chart, other than Fisker Inc., is owned in its entirety by its direct parent.

2. Fisker Inc. is the ultimate parent of each of the Debtors, and its equity securities are publicly held as follows (as of April 8, 2024):

| Class of Common Stock | Amount Authorized | Amount Outstanding |
|:---:|:---:|:---:|
| A | 2,000,000,000 | 1,250,822,032 |
| B | 150,000,000 | 132,354,128 |

3. There are no entities that own 10% or more of the issued and outstanding common stock of Fisker Inc.

---

[1] The address of the Debtors' corporate headquarters is 14 Centerpointe Drive, La Palma, CA 90623.

## **Exhibit A**

**Corporate Structure Chart**

Privileged and Confidential

Davis P.l.i

deVADpik.com

# Fisker – Organizational Chart





**Omnibus Action by Unanimous Written Consent of the Governing Bodies**
**June 18, 2024**

The undersigned, being all of the members of each of the boards of directors, managing members, managers or other governing bodies (each, a "**Governing Body**" and, collectively, the "**Governing Bodies**") of, each of the entities listed on <u>**Exhibit A**</u> hereto (each, an "**Entity**" and, collectively, the "**Entities**"), hereby take the following actions and adopt the following resolutions by written consent in accordance with the applicable certificate of incorporation, bylaws, or limited liability company agreements of each Entity and the applicable laws of the jurisdiction in which such Entity is organized:

WHEREAS, the Governing Bodies have reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Entities regarding the liabilities and liquidity of each Entity, the strategic alternatives available, and the impact of the foregoing on the Entities' businesses;

WHEREAS, the Governing Bodies have had the opportunity to consult with the management and the legal and financial advisors of the Entities to fully consider each of the strategic alternatives available to the Entities;

WHEREAS, the Governing Bodies have received, reviewed, and considered the recommendations of, and the materials presented by, the management and the legal and financial advisors of the Entities regarding the relative risks and benefits of pursuing cases under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

WHEREAS, the Transaction Committee of the Governing Body of Fisker Inc. has contemporaneously determined that it is desirable and in the best interest of Fisker Inc. to commence a Chapter 11 Case (as defined below);

WHEREAS, the Governing Bodies have reviewed with the management and the legal and financial advisors of the Entities the resolutions set forth below; and

WHEREAS, the Governing Bodies (a) have determined that taking the actions set forth below and the transactions contemplated hereby are advisable and fair to, and in the best interests of, the Entities and their stakeholders and, therefore, have (b) adopted the resolutions set forth below and authorized and approved the transactions, agreements, and actions contemplated hereby:

## I.     Designation of Chief Restructuring Officer

NOW, THEREFORE, BE IT RESOLVED, that each Entity hereby designates John DiDonato of Huron Consulting Group as Chief Restructuring Officer of each of the Entities, effective immediately and automatically (without further action or notice).

## II.    Commencement of Chapter 11 Cases

RESOLVED, that the Governing Bodies have determined, after due consultation with the management and the legal and financial advisors of the Entities, that it is desirable and in the best interests of each Entity and its stakeholders that each Entity shall be, and hereby is, authorized to file, or cause to be filed, a petition seeking relief (each case, a "**Chapter 11 Case**" and, collectively, the "**Chapter 11 Cases**") under the provisions of chapter 11 of the Bankruptcy Code, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

RESOLVED, FURTHER, that each officer, including the Chief Restructuring Officer, director, or manager of each Entity (each, an "**Authorized Person**"), is authorized, empowered, and directed to (a) execute and file in the name and on behalf of the applicable Entity, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for Delaware (the "**Bankruptcy Court**"), (b) employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and (c) take and perform any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Cases, including (i) negotiating, executing, delivering, and performing under any and all documents, agreements, certificates, and instruments in connection with the transactions and professional retentions set forth in this resolution, (ii) appearing as necessary at all bankruptcy proceedings in the Bankruptcy Court on behalf of the Entities, and (iii) paying all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein; and

RESOLVED, FURTHER, that each Entity is authorized, and each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to seek to have its Chapter 11 Case administered by the Bankruptcy Court under chapter 11 of the Bankruptcy Code.

## III.   Amendment to Governing Documents

RESOLVED, that, to the extent that any actions authorized by these resolutions would result in any Entity that serves as a member of any other Entity that is a limited liability company to cease to be a member of such other Entity under applicable law, the limited liability company agreement of such other Entity is hereby amended to provide that the filing of a voluntary petition in bankruptcy or the other actions authorized under these resolutions shall not cause such member to cease to be a member of such other Entity, and in any such event, such other Entity shall continue without dissolution.

IV.     **General Authorization and Ratification**

RESOLVED, that each Authorized Person shall be, and hereby is authorized, empowered, and directed, on behalf of and in the name of each Entity, to (a) do and perform all such acts and things and enter into, execute, acknowledge, deliver, and file all such certificates, agreements, acknowledgments, instruments, contracts, statements, and other documents and to take such further actions as such Authorized Person may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions, the taking of such action or the execution and delivery thereof to be conclusive evidence of the approval thereof, (b) perform the applicable Entities' obligations under the Bankruptcy Code and exercise all rights of the applicable Entities under the Bankruptcy Code (including all rights with respect to contracts, agreements, and leases under sections 365 of the Bankruptcy Code), with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, the performance or execution thereof to be conclusive evidence of the approval thereof by such Authorized Person, the Governing Bodies, and the Entities, and (c) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions;

RESOLVED, FURTHER, that the omission from this written consent of any (a) agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or (b) action to be taken in accordance with any requirement of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions;

RESOLVED, FURTHER, that, to the extent that any Authorized Person serves as the sole member, managing member, manager, general partner, partner, or other governing body (collectively, a "**Controlling Entity**"), in each case, of any direct or indirect subsidiary of any Entity (a "**Controlled Entity**"), each such Authorized Person who may act without the joinder of any other Authorized Person, be, and hereby is, authorized, empowered, and directed in the name and on behalf of such Controlling Entity (acting for such Controlled Entity in the capacity set forth above, as applicable), to (a) authorize such Controlled Entity to take any action that any Authorized Person is authorized to take hereunder and/or (b) take any action on behalf of such Controlled Entity that an Authorized Person is herein authorized to take on behalf of such Controlling Entity (including execution and delivery of any authorizing resolutions);

RESOLVED, FURTHER, that the Governing Bodies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Entities, or hereby waive any right to have received such notice;

RESOLVED, FURTHER, that any and all actions taken by any officer or director of or advisor to any Entity prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed, and adopted as a duly authorized act of such Entity in all respects and for all purposes; and

RESOLVED, FURTHER, that this consent may be executed in one or more counterparts, and delivered by electronic means, each of which, when so executed, shall be treated in all manner and respects and for all purposes as one and the same original, written consent, and shall be considered to have the same binding legal effect as if it were an original manually signed counterpart hereof delivered in person.

*[Signature Pages Follow]*

4

IN WITNESS WHEREOF, the undersigned, in its capacity as the sole member of each Fisker TN LLC and Blue Current Holding LLC, has caused this written consent to be executed as of the date first set forth above.

Fisker Group Inc., a Delaware corporation,
as sole member of each Fisker TN LLC
and Blue Current Holding LLC

By: _Geeta Gupta-Fisker_____
      Geeta Gupta-Fisker (Jun 18, 2024 20:13 PDT)
      Name: Dr. Geeta Gupta-Fisker
      Title: Chief Operating Officer

IN WITNESS WHEREOF, the undersigned, constituting the board of directors of Platinum IPR LLC has caused this written consent to be executed as of the date first set forth above.


Henrik Fisker (Jun 18, 2024 16:40 PDT)

Name: Henrik Fisker
Title: Director


*Geeta Gupta-Fisker*
Geeta Gupta-Fisker (Jun 18, 2024 20:13 PDT)

Name: Dr. Geeta Gupta-Fisker
Title: Director

IN WITNESS WHEREOF, the undersigned, constituting the board of directors of Terra Energy Inc. has caused this written consent to be executed as of the date first set forth above.

Henrik Fisker (Jun 18, 2024 16:40 PDT)

Name: Henrik Fisker
Title: Director


Geeta Gupta-Fisker (Jun 18, 2024 20:13 PDT)

Name: Dr. Geeta Gupta-Fisker
Title: Director


Corey MacGillivray (Jun 18, 2024 19:18 EDT)

Name: Corey MacGillivray
Title: Director

## <u>Exhibit A</u>

### List of Entities

1. Fisker TN LLC
2. Blue Current Holding LLC
3. Platinum IPR LLC
4. Terra Energy Inc.

---

**Fill in this information to identify the case and this filing:**

Debtor Name __Blue Current Holding LLC__

United States Bankruptcy Court for the: _____ District of __Delaware__
                                                                    (State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration __Consolidated Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/19/2024__          ✖ /s/ John C. DiDonato
             MM / DD / YYYY          Signature of individual signing on behalf of debtor

                                     John C. DiDonato
                                     Printed name

                                     Chief Restructuring Officer
                                     Position or relationship to debtor